## PRESCOTT *vs.* CARTER.

Where the record of a *certiorari* case showed that the petition was sanctioned by the judge of another circuit than that in which the case was pending, but did not show that the judge of the latter circuit was absent therefrom, but, upon a subsequent motion to dismiss the writ on that ground before the resident judge, he certified that he had, in fact, been absent and overruled the motion, such ruling was not error.

(*a.*) This case differs from that in 67 *Ga.*, 246. That was an injunction case in which the absence of the resident judge did not appear in any way.

(*b.*) The case of a *certiorari* does not stand alone on the general provisions of §§247, 248 of the Code, but on §§4051, 4052, which do not require that the authority, when thus exercised, should show the grounds therefor.

Judgment affirmed.

October 20, 1885.

JACKSON, Chief Justice.

## SEILER *vs.* THE STATE OF GEORGIA.

[Jackson, C. J., not presiding, because of indisposition.]

Where, on the trial of a defendant charged with keeping open a tippling house on Sunday, the evidence demanded a verdict of guilty, and left no doubt as to the guilt of the accused, the failure of the court to charge on the subject of reasonable doubts will not require a new trial, no request having been made to charge, and the attention of the court not having been called to that point.

(*a.*) This case differs from that in 67 *Ga.*, 153, where the attention of the court was called to the question. It differs from that in 70 *Id.*, 825, where the facts were doubtful, and the accused might have suffered injury from the failure of the court to charge the law as to reasonable doubts. In a case like the present, if the defendant desires a charge on that subject, he should request it.

Judgment affirmed.

January 26, 1886.

BLANDFORD, Justice.